# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DeLEON,<br><br>    Petitioner,<br><br>    v.<br><br>K. ALLISON,<br><br>    Respondent. | 1:11-cv-00945-JLT HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS CONTAINING UNEXHAUSTED CLAIMS<br><br>ORDER DIRECTING PETITIONER TO FILE A RESPONSE WITHIN THIRTY DAYS |

    Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

    The instant petition was filed on June 10, 2011. (Doc. 1). In the petition, Petitioner alleges as follows: (1) insufficient evidence to support street gang special circumstance; (2) Petitioner was denied a fair trial because the jury was improperly instructed regarding the street gang special circumstance; (3) the trial court erred in imposing, and then staying, Cal. Penal Code § 186.22(b)(1)(B) enhancements on counts one through four; and, (4) the trial court erred by failing to stay sentence on counts three and four.

    A preliminary review of the Petition, however, reveals that three of the four claims for relief may be unexhausted.

    A.  <u>Preliminary Review of Petition</u>.

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must

surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner alleges that he filed a Petition for Review in the California Supreme Court contending that there was insufficient evidence presented to support the jury's "true" finding as to the street gang special circumstance.  (Doc. 1, p. 2).  However, as to the other three claims, i.e., claims two, three, and four, Petitioner has indicated that they were not presented to the California Supreme Court because of Petitioner's "lack of education" in the law.  (Doc. 1, p. 5).

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

Petitioner will be ordered to show cause why the Petition should not be dismissed for failing to exhaust state court remedies.  Should it be the case that claims two, three, and four were in fact exhausted, Petitioner must establish that fact to the Court's satisfaction in his response to the Order to Show Cause, and make clear when and in what court those claims were raised.  If possible, Petitioner should present to the Court documentary evidence proving that the

1  claims were indeed presented to the California Supreme Court.[1]

2  If those three claims were not presented to the California Supreme Court, Petitioner has
3  three options.  First, Petitioner may withdraw claims two, three, and four, and go forward with
4  only claim one, i.e., the exhausted claims.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000)
5  ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted
6  claims as an alternative to suffering dismissal").

7  Second, Petitioner may move to withdraw the *entire Petition* and return to federal court
8  only when he has finally exhausted his state court remedies.  Petitioner should bear in mind,
9  however, that there exists a one year statute of limitations applicable to federal habeas corpus
10 petitions.  28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one year period
11 starts to run on the date the California Supreme Court denied Petitioner's direct review.  See id.
12 Although the limitations period tolls while a properly filed request for collateral review is
13 pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is
14 pending in federal court.  Duncan v. Walker, 531 U.S. 991 (2001).

15 Finally, Petitioner can do nothing and face dismissal of the entire Petition should the
16 Court make a final determination that the Petition does in fact contain unexhausted claims.

17 Accordingly, the Court HEREBY ORDERS:

18 1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of
19    service of this Order why the Petition should not be dismissed for failing to
20    exhaust state court remedies.

21 Petitioner is forewarned that his failure to comply with this order may result in a
22 Recommendation that the Petition be dismissed pursuant to Local Rule 110.
23 IT IS SO ORDERED.
24 Dated:  **June 15, 2011**                        /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.