# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DELEON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. ALLISON,<br><br>　　　　Respondent. | 1:11-cv-00945-JLT HC<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR STAY OF PROCEEDINGS ON PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 8)<br><br>ORDER FOR PETITIONER TO FILE AMENDED MOTION FOR STAY WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on June 10, 2011. (Docs. 1). Petitioner raises eight grounds for relief: (1) insufficient evidence to support a true finding regarding the street gang special circumstance; (2) instructional error as to the street gang enhancement denied Petitioner his right to a fair trial; (3) the trial court erred in imposing and staying certain enhancements; (4) the trial court erred in failing to stay sentence on counts three and four because this was the basis for imposing the life-without-parole sentence in count one. (Doc. 1).

On June 15, 2011, after a preliminary screening of the petition, the Court issued an Order to Show Cause why the petition should not be dismissed as containing unexhausted claims. (Doc. 5). As the Court explained in that order, it appeared from the petition that three of the four claims in the petition had never been raised before the California Supreme Court. The Order to Show Cause

provided that Petitioner could file a response within thirty days. On July 1, 2011, Petitioner filed a response. (Doc. 7). Petitioner's response alleges that he raised all four claims in his Petition for Review and that his failure to note that fact on his form petition was an error.

Also on July 1, 2011, Petitioner filed a motion to stay proceedings in order to exhaust new claims. (Doc. 8). Petitioner does not identify those claims nor does he explain what efforts, if any, he has already undertaken in order to exhaust such claims.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

claims before proceeding with their federal petitions. <u>Rhines</u>, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." <u>Id</u>. at 277-278; <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 278.

Applying the <u>Rhines</u> standards, the Court concludes that it must, at this juncture, deny Petitioner's motion for stay without prejudice to Petitioner filing an amended motion for stay within thirty days. In his motion, Petitioner has not identified the grounds he intends to exhaust in state court, nor has Petitioner explained the bases for those grounds in sufficient detail for the Court to determine whether those grounds are "plainly meritless" under <u>Rhines</u>. 544 U.S. at 277-278. Accordingly, the Court will deny the motion for stay of the proceedings without prejudice to Petitioner later re-filing a motion for stay with sufficient information upon which the Court may make a proper determination under <u>Rhines</u>. Petitioner will be given thirty days within which to file an amended motion for stay that fully identifies the claims he wishes to exhaust in state court as well as any efforts he has undertaken to date to exhaust such claims. If Petitioner fails to file an amended motion for stay, the Court will order Respondent to file a response to the four claims now contained in the petition. Should it transpire that any of those four claims are not in fact exhausted in the California Supreme Court, Respondent will be afforded the opportunity to file a motion to dismiss the petition as containing unexhausted claims.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 8), is DENIED without prejudice; and,

///

///

1    2.  Petitioner is ordered to file an amended motion to stay within thirty days or else the Court
2    will order Respondent to file a response and the case will proceed.

4  IT IS SO ORDERED.

5  Dated:   **October 20, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE