1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS DE LEON,                     )  Case No.: 1:11-cv-00945-JLT
                                        )
12             Petitioner,              )  ORDER GRANTING PETITIONER'S MOTION
                                        )  TO AMEND PETITION (Doc. 11)
13       v.                             )
                                        )  ORDER DENYING PETITIONER'S MOTION TO
14   K. ALLISON,                        )  AMEND PETITION (Doc. 22)
                                        )
15             Respondent.              )
                                        )  ORDER DISREGARDING PETITIONER'S
16                                      )  MOTION FOR STATUS  (Doc. 24)
                                        )
17                                      )  ORDER REQUIRING PETITIONER TO FILE
                                        )  TRAVERSE WITHIN THIRTY DAYS
18                                      )
19   _____)

20         Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

21   corpus pursuant to 28 U.S.C. § 2254.  On July 1, 2011, Petitioner filed his written consent to the

22   jurisdiction of the Magistrate Judge for all purposes.  (Doc. 6).  On December 16, 2011, Respondent

23   filed a written consent to the Magistrate Judge's jurisdiction.  (Doc. 15).

24                            **PROCEDURAL HISTORY**

25         The instant petition was filed on June 15, 2011.  (Doc. 1).  In that petition, Petitioner raised

26   four grounds for relief: (1) insufficient evidence to support a true finding regarding the street gang

27   special circumstance; (2) instructional error as to the street gang enhancement denied Petitioner his

28   right to a fair trial; (3) the trial court erred in imposing and staying certain enhancements; (4) the trial

                                            1

court erred in failing to stay sentence on counts three and four because this was the basis for imposing the life-without-parole sentence in count one.  (Doc. 1).

On June 15, 2011, after a preliminary screening of the petition, the Court issued an Order to Show Cause why the petition should not be dismissed as containing unexhausted claims.  (Doc. 5).  As the Court explained in that order, it appeared from the petition that three of the four claims in the petition had never been raised before the California Supreme Court.  The Order to Show Cause provided that Petitioner could file a response within thirty days.  On July 1, 2011, Petitioner filed a response, alleging that he raised all four claims in his Petition for Review before the California Supreme Court and that his failure to note that fact on his form petition was an inadvertent error. (Doc. 7).

Also on July 1, 2011, Petitioner filed a motion to stay proceedings in order to exhaust new claims.  (Doc. 8).  Petitioner's motion, however, did not identify those potential claims to be exhausted nor did Petitioner explain what efforts, if any, he had undertaken or was going to undertake to exhaust such claims.  Accordingly, on October 21, 2011, the Court issued an order denying without prejudice Petitioner's motion for stay of proceedings, predicating its ruling on Petitioner's failure to identify the claims he wished to exhaust, thus precluding the Court from determining whether or not such claims would be "plainly meritless," as required by Rhines v. Weber, 544 U.S. 269 (2005).  (Doc. 9). Petitioner was given the opportunity to file an amended motion for stay containing further information on the potential claims within thirty days.  (Id.).

On November 21, 2011, Petitioner filed one of his two motions to amend the petition.  (Doc. 11).  In this first motion to amend, Petitioner, citing federal case law that requires this Court to afford a petitioner proceeding on a "mixed" petition to withdraw his unexhausted claims and then amend the still-pending petition with additional claims once they are exhausted, asked the Court's permission to add new grounds "just exhausted by the California Supreme Court."  (Doc. 11).   Petitioner did not provide the Court with either the state habeas petition he had filed in the California Supreme Court, that court's order denying the petition, or any independent information regarding the nature or scope of the claims he had just exhausted.  Therefore, the Court assumed that Petitioner was referring to the

unexhausted claims in his original petition.  The following day, therefore, the Court issued an order requiring Respondent to file a response to all of the claims in the original petition.  (Doc. 12).

On March 13, 2012, Respondent filed an answer in which Respondent addressed the merits of grounds one and two in the original petition, but argued, inter alia, that grounds three and four remained unexhausted and should be dismissed.  (Doc. 20).  On March 22, 2012, Petitioner filed the second of his motions to amend the petition, once again arguing that, under federal law, the Court must give him a chance to strike his unexhausted claims and amend the petition with the dismissed claims after exhausting them in state court.  (Doc. 22).  On this occasion, however, unlike the previous one, Petitioner lodged with the Court a proposed first amended petition, omitting the unexhausted claims in the original petition and raising the following three new grounds, never previously presented to the Court: (1) the jury instructions on principals improperly shifted the burden of proof (ground 3); (2) the prosecution intentionally failed to preserve potentially exculpatory evidence (ground 4); and (3) trial counsel was ineffective because he failed "to call any witnesses, expert testimony supporting the defense" and did not argue that Petitioner was not an active gang member (ground 5).  (Doc. 23, pp. 10-13).

On April 20, 2012, before the Court could sort out the above chronology and issue an order regarding the two motions to amend, Petitioner filed a motion requesting the status of his lodged amended petition.  (Doc. 24).  On May 10, 2012, Respondent filed an opposition to the later motion to amend, contending that any amendment would be futile since the proposed "new" claims do not relate back to the original claims and thus are now barred by the statute of limitations governing habeas cases.  (Doc. 25).  For the reasons set forth below, the Court agrees with Respondent that the claims do not relate back to the original petition and thus are barred by the one-year limitation period.

## DISCUSSION

A.  Petitioner's First Motion to Amend.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.

1   1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other

2   amendments.  Rule Civ. P. 15(a).  Here, when Petitioner filed his original motion to amend the petition

3   on November 21, 2011, Respondent had not yet filed a response.   Thus, leave of Court was not

4   required for any amendment to the petition.

5          However, as Respondent indicates in the opposition to Petitioner's motion, Petitioner's first

6   motion to amend requested permission "to add new grounds, just exhausted by the California Supreme

7   Court," while not identifying those "new grounds" nor providing a copy of the state habeas petition

8   presented to the California Supreme Court that, presumably, would have listed those new grounds.

9   Instead, Petitioner left the Court and Respondent to assume that the "new grounds" were in fact those

10  claims in the original petition that were unexhausted.  Based upon this premise, the following day the

11  Court ordered Respondent to file a response to the claims contained in the original petition.  (Doc. 12,

12  p. 2).  After several extensions of time, Respondent duly filed an answer addressing the merits of some

13  claims while asserting the affirmative defense of lack of exhaustion as to the remaining claims.  In

14  effect, then, since no response had been filed before the motion to amend was filed, by ordering

15  Respondent to file a response to the claims in the original petition, the Court gave Petitioner de facto

16  permission to proceed on all of the claims in the original petition, without making any final

17  determination whether those claims were indeed exhausted or otherwise procedurally barred.[1]

18  However, in an effort to make the proceedings clear, the Court will formally grant Petitioner's original

19  motion to amend to include all of the claims contained in the original petition and responded to by

20  Respondent in the answer.  Petitioner will be given thirty days from the date of service of this order

21  within which to file a Traverse.

22  

---

23  [1] If Petitioner had in mind other "new claims" than those in the original petition, only two possibilities exist.  First,
Petitioner was referring to the claims he has sought to include in the lodged first amended petition, or, second, Petitioner
24  had in mind some other, unspecified claims which, presumably, remain unexhausted but have never been presented to this
Court in any fashion.  If the former, the Court addresses those claims <u>infra</u>, in determining whether those claims "relate
25  back" to the original petition.  If the latter, the Court cannot be expected to guess what claims Petitioner might be seeking
to add to his petition.  It is Petitioner's obligation to properly inform the Court of the nature of these claims and indicate
26  their status, i.e., whether they are already exhausted or, if not, what efforts Petitioner has made or is making to exhaust
them.  In the context of Petitioner's first motion to amend, which the Court has previously described as "scant" on details,
27  it is wholly unreasonable to expect that the Court could intuit that Petitioner had additional unnamed and unexhausted
claims he sought to include in his petition.  Accordingly, the Court discounts this second possibility and assumes that either
28  Petitioner was referring to his original claims that were not exhausted at the time he filed his petition or that Petitioner was
referring to the "new" claims included in his lodged first amended petition.

B.   Petitioner's Second Motion to Amend.

As mentioned, Respondent opposes the amending of the petition to include the additional claims in the lodged first amended petition as time-barred.  The Court agrees.

Where, as here, a responsive pleading had already been filed by Respondent prior to the filing of the second motion to amend, the Court, in deciding whether to allow an amendment, may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).  In Bonin, the Ninth Circuit held that futility of amendment can, by itself, justify the denial of a motion for leave to amend.  Bonin, 59 F.3d at 845; see also Lopez v. Smith, 203 F.3d 1122, 1129-1130 (9th Cir. 2000) (en banc) (confirming district court's authority to dismiss without leave to amend where amendment would be futile).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on June 15, 2011; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted in the Kern County Superior Court on July 30, 2008. (Doc. 1). The California Supreme Court denied Petitioner's petition for review on June 9, 2010 (Doc. 21, Lodged Documents ("LD") 10), and therefore his direct review concluded 90 days later, i.e., on September 7, 2010. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The one-year period would have commenced the following day, i.e., September 8, 2010, and Petitioner would have had one year from that date, or until September 7, 2011, within which to timely file any federal habeas claims.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Here, Petitioner alleges that he filed one state habeas petition, delivered to prison authorities on June 5, 2011, and denied on October 19, 2011, 137 days later. Thus, assuming, without deciding, that this state habeas petition was "properly filed" within the meaning of the AEDPA, it entitles Petitioner to an additional 137 days because the running of the one-year period was tolled during the pendency of this state petition. Accordingly, the one-year period would have expired 137 days after the original ending date of September 7, 2011, i.e., January 22, 2012.

Since the limitations period is not tolled for the time a federal habeas corpus application, such as the instant petition, is pending in federal court, Duncan v. Walker, 533 U.S. 167, 181-182 (2001); see Fail v. Hubbard, 272 F.3d 1133, 1135-1136 (9th Cir.2001), any claims Petitioner has sought to file or is seeking to file after January 22, 2012, must relate back to the date of the original pleading under Rule 15(c)(2).

Under that rule, an amendment to a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the United States Supreme Court held that relation back is in order if

the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth.  Id. at 650.  The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction.  Id. at 656-657.  Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'"  Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d  ed. 2004).

Here, from a simple comparison of the claims in the original petition and the "new" claims which Petitioner has presented in the lodged first amended petition, it clearly appears that the "new" claims do not arise from the same "operative facts" as those in the existing petition, and, as well, that they differ from them in both time and type from those in the original petition.  Thus, they are untimely under the AEDPA.

As discussed previously, in the lodged first amended petition, Petitioner raises three new claims: (1) the jury instructions on principals improperly shifted the burden of proof (ground 3); (2) the prosecution intentionally failed to preserve potentially exculpatory evidence (ground 4); and (3) trial counsel was ineffective because he failed "to call any witnesses, expert testimony supporting the defense" and did not argue that Petitioner was not an active gang member (ground 5).  (Doc. 23, pp. 10-13).

By contrast, in the original petition, Petitioner raised these issues: (1) insufficient evidence to support a true finding regarding the street gang special circumstance; (2) instructional error as to the street gang enhancement denied Petitioner his right to a fair trial; (3) the trial court erred in imposing and staying certain enhancements; (4) the trial court erred in failing to stay sentence on counts three and four because this was the basis for imposing the life-without-parole sentence in count one.  (Doc. 1).

Quite clearly, the "new" claims of prosecutorial misconduct, ineffective assistance of counsel, and instructional error regarding principals do not share the same legal theories as the instructional and

sentencing errors and insufficiency claim listed in the original petition, nor do they arise from the same set of "operative facts" as the claims in the original petition. The claims of prosecutorial misconduct and ineffective assistance patently arise from facts not previously discussed by Petitioner in his original petition. Moreover, although the remaining "new" claim alleges that the jury was mis-instructed, as do some claims in the original petition, the "new" claim relates to the issue of principals, not to street gang special circumstances or enhancements, the subject of the claims in the original petition, and would, necessarily, require the Court, in addressing the "new" claim, to focus on completely separate evidence and legal theories from the street gang evidence in order to determine whether such an instruction was indeed erroneous.

Thus, the new claims Petitioner seeks to include in his habeas petition do not "relate back" to the original claims and, since, as mentioned, the one-year limitation period had already expired when Petitioner attempted to present these claims, the new claims would be time-barred under the AEDPA. Given this clear procedural bar to the prospective "new" claims, Petitioner cannot meet the requirements for a Rule 15 amendment since permitting the petition to be amended with time-barred claims would be futile. Bonin, 59 F.3d at 845; see also Lopez, 203 F.3d at 1129-1130. Hence, Petitioner's second motion to amend must be denied.

C.   Petitioner's Motion For Status.

On April 20, 2012, Petitioner filed a motion to request the status of his lodged first amended petition. Considering the Court's ruling in this order, the status of the lodged first amended petition has been resolved and no further action need be taken regarding this latest motion. Accordingly, the Court will disregard it.

**ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. Petitioner's motion to amend, filed November 21, 2011 (Doc. 11), is **GRANTED**. All of the claims in the original petition are deemed to have been presented to the Court and Respondent's Answer addresses those claims. Petitioner will be granted thirty (30) days within which to file a Traverse to the Answer. Thereafter, the Court will issue a ruling on the merits of those claims.

2.   Petitioner's motion to amend, filed March 22, 2012 (Doc. 22), is **DENIED**.

3.   Petitioner's motion for status (Doc. 24), is **DISREGARDED**.

IT IS SO ORDERED.

Dated:   __August 30, 2012__              _____/s/ Jennifer L. Thurston__
                                         UNITED STATES MAGISTRATE JUDGE