**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS DE LEON, | ) Case No.: 1:11-cv-00945-JLT |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF DENIAL OF |
| v. | ) MOTION TO AMEND (Doc. 29) |
| K. ALLISON, | ) ORDER GRANTING PETITIONER'S MOTION |
| Respondent. | ) FOR EXTENSION OF TIME TO FILE TRAVERSE (Doc. 30) |
| | ) THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 1, 2011, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 6). On December 16, 2011, Respondent filed a written consent to the Magistrate Judge's jurisdiction. (Doc. 15).

**PROCEDURAL HISTORY**

The instant petition was filed on June 15, 2011. (Doc. 1). In that petition, Petitioner raised four grounds for relief: (1) insufficient evidence to support a true finding regarding the street gang special circumstance; (2) instructional error as to the street gang enhancement denied Petitioner his right to a fair trial; (3) the trial court erred in imposing and staying certain enhancements; (4) the trial court erred in failing to stay sentence on counts three and four because this was the basis for imposing

1

1  the life-without-parole sentence in count one.  (Doc. 1).

2           On June 15, 2011, after a preliminary screening of the petition, the Court issued an Order to

3  Show Cause why the petition should not be dismissed as containing unexhausted claims.  (Doc. 5).  As

4  the Court explained in that order, it appeared from the petition that three of the four claims in the

5  petition had never been raised before the California Supreme Court.  The Order to Show Cause

6  provided that Petitioner could file a response within thirty days.  On July 1, 2011, Petitioner filed a

7  response, alleging that he raised all four claims in his Petition for Review before the California

8  Supreme Court and that his failure to note that fact on his form petition was an inadvertent error.

9  (Doc. 7).

10          Also on July 1, 2011, Petitioner filed a motion to stay proceedings in order to exhaust new

11  claims.  (Doc. 8).  Petitioner's motion, however, did not identify those potential claims to be exhausted

12  nor did Petitioner explain what efforts, if any, he had undertaken or was going to undertake to exhaust

13  such claims.  Accordingly, on October 21, 2011, the Court issued an order denying without prejudice

14  Petitioner's motion for stay of proceedings, predicating its ruling on Petitioner's failure to identify the

15  claims he wished to exhaust, thus precluding the Court from determining whether or not such claims

16  would be "plainly meritless," as required by Rhines v. Weber, 544 U.S. 269 (2005).  (Doc. 9).

17  Petitioner was given the opportunity to file an amended motion for stay containing further information

18  on the potential claims within thirty days.  (Id.).

19          On November 21, 2011, Petitioner filed one of his two motions to amend the petition.  (Doc.

20  11).  In this first motion to amend, Petitioner, citing federal case law that requires this Court to afford a

21  petitioner proceeding on a "mixed" petition to withdraw his unexhausted claims and then amend the

22  still-pending petition with additional claims once they are exhausted, asked the Court's permission to

23  add new grounds "just exhausted by the California Supreme Court."  (Doc. 11).   Petitioner did not

24  provide the Court with the state habeas petition he had filed in the California Supreme Court, that

25  court's order denying the petition, or any independent information regarding the nature or scope of the

26  claims he had just exhausted.  Therefore, the Court assumed that Petitioner was referring to the

27  unexhausted claims in his original petition.  The following day, therefore, the Court issued an order

28  requiring Respondent to file a response to all of the claims in the original petition.  (Doc. 12).

1       On March 13, 2012, Respondent filed an answer in which Respondent addressed the merits of

2   grounds one and two in the original petition, but argued, inter alia, that grounds three and four

3   remained unexhausted and should be dismissed.  (Doc. 20).  On March 22, 2012, Petitioner filed the

4   second of his motions to amend the petition, once again arguing that, under federal law, the Court

5   must give him a chance to strike his unexhausted claims and amend the petition with the dismissed

6   claims after exhausting them in state court.  (Doc. 22).  On this occasion, however, unlike the previous

7   one, Petitioner lodged with the Court a proposed first amended petition, omitting the unexhausted

8   claims in the original petition and raising the following three new grounds, never previously presented

9   to the Court: (1) the jury instructions on principals improperly shifted the burden of proof (ground 3);

10  (2) the prosecution intentionally failed to preserve potentially exculpatory evidence (ground 4); and

11  (3) trial counsel was ineffective because he failed "to call any witnesses, expert testimony supporting

12  the defense" and did not argue that Petitioner was not an active gang member (ground 5).  (Doc. 23,

13  pp. 10-13).

14      On April 20, 2012, before the Court could sort out the above chronology and issue an order

15  regarding the two motions to amend, Petitioner filed a motion requesting the status of his lodged

16  amended petition.  (Doc. 24).  On May 10, 2012, Respondent filed an opposition to the most recent

17  motion to amend, contending that any amendment would be futile since the proposed "new" claims do

18  not relate back to the original claims and thus are now barred by the statute of limitations governing

19  habeas cases.  (Doc. 25).  On August 30, 2012, the Court issued an order granting Petitioner's original

20  motion to amend to include all of his original claims, both those originally exhausted and those newly-

21  exhausted, but denying any motion to amend the petition to include recently exhausted claims on the

22  grounds that they were untimely under the AEDPA.  The Court gave Petitioner thirty days within

23  which to file his Traverse.  (Doc. 26).

24      On October 15, 2012, after requesting and receiving an extension of time to file the Traverse,

25  Petitioner filed the instant motion to reconsider the Court's decision to deny the amendments

26  Petitioner had previously sought.  (Doc. 29).  In the motion to reconsider, Petitioner attempts to

27  explain the chronology of events, including his own miscommunications and misunderstandings, that

28  led produced the convoluted procedural history of this litigation.  Petitioner also requested, on October

3

1  22, 2012, a sixty-day extension of time to file his Traverse.  (Doc. 30).  Although Petitioner has lodged

2  several notices of change of address with the Court, he has not further communicated regarding these

3  matters nor has he filed his Traverse.

**DISCUSSION**

5       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

6  court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

7  of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

8  fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6)

9  any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A

10  motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year

11  after the judgment, order, or proceeding was entered or taken."  Id.

12       Here, the order from which Petitioner seeks relief was not a final order within the meaning of

13  Rule 60(b).  Accordingly, the Court's decision is governed by Local Rule 230(j), which requires a

14  party filing a motion for reconsideration to show the "new or different facts or circumstances claimed

15  to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for

16  the motion."  In general, motions to reconsider are committed to the discretion of the trial court.

17  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456,

18  460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing

19  nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of

20  Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*,

21  828 F.2d 514 (9th Cir. 1987).

22       Here, Petitioner has failed to meet any of the requirements for granting a motion for

23  reconsideration under the Court's Local Rules. He has not shown "new or different facts or

24  circumstances claimed to exist which did not exist or were not shown upon such prior motion…"

25  Likewise, he has not provided any other basis on which to grant reconsideration.  Instead, Petitioner

26  has simply attempted to explain how the chronology of this case, combined with his own mistakes,

27  misunderstandings, and inadvertent errors, has resulted in the case's present procedural posture.  The

28  Court is acutely aware of this chronology, however, and has made every reasonable effort to

1  accommodate Petitioner.  However, Petitioner has repeatedly chosen to either ignore or misunderstand

2  the Court's efforts to provide Petitioner with adequate information upon which to fully exhaust and

3  amend his petition with the claims he wishes to put forth.

4       More significantly, however, Petitioner has failed to address the issue of timeliness of the

5  purportedly "new" claims he wishes to add.  The Court fully explained in the August 30, 2012 order

6  why any new amendments would be untimely under the AEDPA, and therefore futile, because they do

7  not "relate back" to the claims in the original petition.  Mayle v. Felix, 545 U.S. 644, 650 (2005).  While

8  it is indeed unfortunate that Petitioner is now precluded from including these new claims by operation

9  of the statute of limitations, at the same time Petitioner does not cite, and the Court is not aware of,

10  any authority that would permit the Court to simply disregard the AEDPA's limitation period and

11  permit the new claims to go forward.  Since no new facts or circumstances have been proffered

12  regarding this issue, the Court has no choice but to deny Petitioner's motion for reconsideration.

13  Local Rule 230(j).

14       However, the Court will grant Petitioner thirty days within which to file his Traverse,

15  addressing the issues already briefed by Respondent in the Answer.

16                                    **ORDER**

17       Accordingly, it is HEREBY ORDERED as follows:

18   1.  Petitioner's motion for reconsideration (Doc. 29), is DENIED.

19   2.  Petitioner's motion for extension of time to file his Traverse (Doc. 30), is GRANTED.

20   3.  Petitioner will be afforded thirty days within which to file his Traverse.

21

22  IT IS SO ORDERED.

23     Dated:   **May 29, 2013**                      **/s/ Jennifer L. Thurston**
24                                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28

5